In re SLAW CONSTRUCTION CORPORATION, Debtor.

SLAW CONSTRUCTION CORPORATION, Plaintiff,

v.

Richard J. ABT, Defendant.

Bankruptcy No. 80–00759G.
Adv. No. 81–0343G.

United States Bankruptcy Court, E. D. Pennsylvania.

Nov. 13, 1981.

S.D.N.Y.1981); *In re Good Hope Refineries, Inc.*, 4 B.R. 290 (Bkrtcy.D.Mass.1980); *In re Anchortank, Inc.*, 3 B.R. 72 (Bkrtcy.S.D.N.Y. 1980).

Thomas C. Sadler, Jr., Allentown, Pa., for plaintiff, Slaw Const. Corp.

Patricia Chanson Pipitone, Spector, Cohen, Gadon & Rosen, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The instant case is before us on a motion for reconsideration of our opinion, 14 B.R. 175 (Bkrtcy.1981) and order granting judgment for the debtor against the defendant or a motion for a new trial of the instant complaint. We conclude that there is no merit to either of the motions and will, therefore, deny them.

The facts are briefly:[1] On April 8, 1981, Slaw Construction Corporation ("the debt-or") filed a complaint against Richard J. Abt ("Abt") seeking the final payment allegedly due under a construction contract. After a trial was held and briefs were filed, we concluded in an opinion and order dated September 22, 1981, that the debtor was entitled to judgment against Abt. On October 5, 1981, Abt filed the foregoing motions.

The first ground raised by Abt, in support of his motion for reconsideration, is that "In its Opinion and Order of September 22, 1981, this court inadvertently failed to consider defendant's defense that, pursuant to the aforesaid section 1.8(3), defendant is contractually and legally entitled to withhold from plaintiff the $15,991.51."

Abt is correct in his assertion that we failed to consider any defense based on section 1.8(3) of the General Conditions; however, that failure was not inadvertent. We did not consider that defense for two reasons: Firstly, the document referred to by Abt (the General Conditions) was never introduced into evidence and, consequently, was not before us. Although we stated this in our opinion with respect to Abt's defense based on section 1.8(2) of the General Conditions,[2] apparently we must do so again with respect to Abt's defense based on section 1.8(3). Therefore, we reiterate: we will not consider any document which has not been formally introduced into evidence at the trial of this matter.

Secondly, even had that document been introduced into evidence, we would have held that Abt's defense based on section 1.8(3) is without merit. As we stated with respect to section 1.8(2),[3] the document called the "Supplement to Contract," which was executed by the parties and was introduced into evidence, specifically states that it changes the terms of the parties' general contract. Therefore, in our opinion we concluded that that Supplement, by its very terms, contains the *only* condition for final

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. See *In re Slaw Constr. Corp.,* 14 B.R. 175 (Bkrtcy.E.D.Pa.1981), slip op. at 177.

3. Id.

payment under the contract. Therefore, any defense of Abt based on the General Conditions which purports to place any condition on the debtor's entitlement to the final payment is without merit.

■ One of the grounds raised by Abt—in support of his motion for a new trial—is that at the trial of the instant case we erroneously sustained, on the grounds of relevancy, the introduction of certain evidence by Abt on the issue of whether the prices charged by the debtor for the work done were fair and reasonable. We likewise find this contention to be without merit for several reasons. Firstly, as we stated in our opinion,[4] we find that the contract of the parties was for a specific price which Abt agreed to pay. Further, we found that there was no evidence that Abt agreed to that price either under duress or as a result of fraud on the part of the debtor.[5] In addition, we found that the price increases in that contract were not due to any fault of the debtor and were again accepted by Abt without duress or fraud on the part of the debtor.[6] In the absence of any such evidence of fraud or duress, we decline to change the contract price agreed to by the parties.[7]

■ Secondly, other evidence which Abt sought to introduce was clearly irrelevant to the issues before us. This evidence related to a bid made by another contractor for the work done by the debtor.[8] We still conclude that that evidence is irrelevant to the issue of what price is due under the contract between Abt and the debtor. Accordingly, we will deny Abt's motions for reconsideration or a new trial.